FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION 2

PREMIUM PRODUCTS, INC.,
a Virginia Corporation,
P.O. Box 11
Mount Vernon, VA 22121,

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

H. Jay Spiegel
P.O. Box 11
Mount Vernon, VA 22121,

     Plaintiffs,

v.

Pro Performance Sports, LLC,
a California Limited Liability Company
trading as SKLZ,
5823 Newton Drive, Suite 103
Carlsbad, CA 92008,

Amazon.com, Inc.,
a Delaware Corporation,
1200 - 12th Avenue South
Suite 1200
Seattle, WA

The Sports Authority, Inc.,
a Delaware Corporation,
1050 W. Hampden Avenue
Englewood, CO 80110

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 2: 10 CV 213 HCM/TEM



Des. 383,816
FIG. 1

## COMPLAINT

    PREMIUM PRODUCTS, INC.. and H. Jay Spiegel (Plaintiffs or Premium) file this

Complaint against Defendants Pro Performance Sports, LLC (hereinafter "SKLZ"),

Amazon.com, Inc. (hereinafter Amazon.com) and The Sports Authority, Inc. (hereinafter Sports Authority), hereinafter collectively referred to as Defendants, and allege as follows:

## THE PARTIES

1.    Premium is a corporation organized under the laws of the Commonwealth of Virginia and has its mailing address at P.O. Box 11, Mount Vernon, VA 22121. Premium's physical address is 8778 Thomas J. Stockton Parkway, Alexandria, VA 22308, within the geographical territory of this Court.

2.    H. Jay Spiegel (hereinafter Spiegel) is an individual having a mailing address at P.O. Box 11, Mount Vernon, VA 22121.

3.    Upon information and belief, Defendant SKLZ is a California Limited Liability Company having its principal place of business at 5823 Newton Drive, Suite 130, Carlsbad, CA 92008.

4.    Upon information and belief, Defendant Amazon.com is a Delaware corporation having its principal place of business at 1200 - 12th Avenue South, Suite 1200, Seattle, WA.

5.    Upon information and belief, Defendant Sports Authority is a Delaware corporation having a principal place of business at 1050 West Hampden Avenue, Englewood, CO 80110.

## JURISDICTION AND VENUE

6.    This is an Action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 271.

7.    This Court has jurisdiction over the subject matter of this Action under 28 U.S.C. §§ 1331 and 1338(a).

8.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

9.    Defendants have engaged in business activities and infringing activities within this judicial district sufficient to vest this Court with personal jurisdiction over Defendants.

## FACTUAL BACKGROUND

10.    On July 23, 1996, the U.S. Patent and Trademark Office (USPTO) issued U.S. Patent No. Des. 372,062 ('062 patent) to inventor Spiegel. The invention was assigned to Premium.

11.    On September 16, 1997, the USPTO issued U.S. Patent No. Des. 383,816 ('816 patent) to Spiegel. This patent arose from an application that was a Divisional of the application from which matured the '062 patent.

12.    On September 16, 1997, the USPTO issued U.S. Patent No. Des. 383,817 ('817 patent) to Spiegel. This patent arose from an application that was a Divisional of the application from which matured the '062 patent.

13.    The patents identified in paragraphs 11 and 12 are exploited by Premium by agreement with Spiegel.

14.    On March 24, 1998, the USPTO issued U.S. Patent No. Des. 392,705 ('705 patent) to Spiegel. The invention was assigned to Premium.

15.    The U.S. Patents identified in paragraphs 10-12 and 14 above are collectively referred to hereinafter as "the Patents." Copies of the Patents are provided in Exhibit 1 hereto.

16.    Each of the Patents remains in full force and effect and carries a statutory presumption of validity.

17.    Premium has manufactured and sold a football tee under the federally registered trademark TOE-TAL® since October 1984. When the TOE-TAL® trademark was first used, it

was associated with an earlier version of a football tee sold by Premium. Sometime after

February 10, 1995, Premium began marketing and selling the current version of the TOE-TAL®

tee. Exhibit 2 shows a photograph of the top of the tee displaying the patent markings required

by 35 U.S.C. § 287.

18.    Sometime in late 2009 or early 2010, SKLZ began manufacturing, offering for sale,

and selling a football tee identified as their SKLZ Pro Tee (hereinafter Pro Tree).  Exhibit 3

shows an advertisement from Amazon.com showing offer for sale of the Pro Tee.  Exhibit 3 also

includes a picking sheet evidencing shipment of two Pro Tees from SKLZ's main warehouse to

Plaintiff Premium's address within the jurisdiction of this Court. Exhibit 3 also includes a copy

of a receipt evidencing purchase of a Pro Tee at a Sports Authority store in Alexandria, VA

within the jurisdiction of this Court.

19.    Comparison of the drawing figures from the Patents with photographs of the Pro

Tee demonstrate that they are virtually indistinguishable.  Set forth in Exhibit 4 are a series of

photographs side-by-side with corresponding drawings from the Patents demonstrating the

remarkable similarity between the Pro Tee and the invention covered by the Patents.

20.    The picking sheet from SKLZ demonstrates that they are shipping goods into the

Eastern District of Virginia. Similarly, the receipt from the Sports Authority demonstrates that

SKLZ is selling the Pro Tee to Sports Authority for sale to the public in the Eastern District of

Virginia. This receipt also demonstrates that Sports Authority is selling the Pro Tee in the

Eastern District of Virginia. Similarly, the web page advertisement from Amazon.com that was

viewed within the Eastern District of Virginia demonstrates that Amazon.com is offering to sell

and selling the Pro Tee within the Eastern District of Virginia.

4

21.    With reference to Exhibits 2 and 4, a comparison of the TOE-TAL® tee sold by Plaintiffs and the Pro Tee sold by Defendants reveals that their dimensions in virtually all respects are identical.  On information and belief, Defendant SKLZ could not have caused the manufacture of the Pro Tee without having first examined the TOE-TAL® tee.  On information and belief, having examined the TOE-TAL® tee, SKLZ could not possibly have missed seeing the patent markings on the TOE-TAL® tee which are embossed on each TOE-TAL® tee during the molding process.

## COUNT I

### (Infringement of the Patents by SKLZ)

22.    Premium repeats and realleges the allegations set forth in paragraphs 1-21.

23.    SKLZ has been and is now infringing the Patents by making, using, selling, offering for sale, and/or importing into the United States, including in this District, the Pro Tee.

24.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that SKLZ's acts of infringement have been made with full knowledge of the Patents.  Such acts constitute willful and deliberate infringement, entitling Premium and Spiegel to enhanced damages and attorneys' fees.

25.    As a consequence of SKLZ's infringement, Plaintiffs have been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless SKLZ is enjoined by this Court from committing further acts of infringement.

26.    Premium is entitled to recover damages adequate to compensate for SKLZ's infringement, which in no event can be less than a reasonable royalty.

## COUNT II

### (Infringement of the Patents by Amazon.com)

27.   Premium repeats and realleges the allegations set forth in paragraphs 1-26.

28.   Amazon.com has been and is now infringing the Patents by offering for sale and selling, including in this District, the Pro Tee.

29.   On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Amazon.com's acts of infringement have been made with full knowledge of the Patents.  Such acts constitute willful and deliberate infringement, entitling Premium and Spiegel to enhanced damages and attorneys' fees.

30.   As a consequence of Amazon.com's infringement, Plaintiffs have been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Amazon.com is enjoined by this Court from committing further acts of infringement.

31.   Premium is entitled to recover damages adequate to compensate for Amazon.com's infringement, which in no event can be less than a reasonable royalty.

## COUNT III

### (Infringement of the Patents by Sports Authority)

32.   Premium repeats and realleges the allegations set forth in paragraphs 1-31.

33.   Sports Authority has been and is now infringing the Patents by offering for sale and selling, including in this District, the Pro Tee.

34.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Sport Authority's acts of infringement have been made with full knowledge of the Patents.  Such acts constitute willful and deliberate infringement, entitling Premium and Spiegel to enhanced damages and attorneys' fees.

35.    As a consequence of Sports Authority's infringement, Plaintiffs have been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Sports Authority is enjoined by this Court from committing further acts of infringement.

36.    Premium is entitled to recover damages adequate to compensate for Sports Authority's infringement, which in no event can be less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(A)    Judgment that the Patents have been infringed by Defendants and that such infringement has been willful.

(B)    That this Court issue an injunction, permanently enjoining Defendants and their officers, agents, subsidiaries, successors, employees, representatives, and assigns from further infringement of the Patents.

(C)    That this Court award Plaintiffs damages adequate to compensate Plaintiffs for all acts of infringement by Defendants, but in no event less than a reasonable royalty.

(D)    That the damages awarded be increased up to three times as provided for in 35 U.S.C. § 284.

7

(E)   That this case be declared exceptional and that Plaintiffs be awarded their attorneys' fees under 35 U.S.C. § 285.

(F)   That Plaintiffs be granted pre-judgment and post-judgment interest on the damages caused by reason of Defendants' infringement of the Patents.

(G)   That Plaintiffs be awarded their costs and expenses in this action.

(H)   That this Court grant Plaintiffs such other and further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 13th day of May, 2010.

Respectfully submitted,

H. JAY SPIEGEL & ASSOCIATES

H. JAY SPIEGEL
Attorney for Plaintiffs
Virginia Bar No. 20647
Bar of the Court No. 10419

H. JAY SPIEGEL & ASSOCIATES
P.O. Box 11
Mount Vernon, VA  22121
(703) 619-0101 - Phone
(703) 619-0110 - Facsimile
jayspiegel@aol.com - e-mail