IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| PREMIUM PRODUCTS, INC. et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 2:10cv213 |
| Pro Performance Sports, LLC et al. | ) | HCM/TEM |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER
TO ALEXANDRIA DIVISION COURT**

**I.   INTRODUCTION**

On May 17, 2010, the undersigned, on behalf of Plaintiffs PREMIUM PRODUCTS, INC.. and H. Jay Spiegel (Plaintiffs or Premium) in the above-captioned Civil Action, mailed a letter to the Honorable Henry Coke Morgan, Jr., the Judge assigned to this Civil Action, requesting that it be transferred back to the Alexandria Division Court where it was originally filed.  In a letter dated May 19, 2010, Judge Morgan granted permission to file a Motion to that effect within ten (10) days of the date of his letter.  Accordingly, the permitted Motion is filed concurrently herewith, and this Memorandum is presented to explain to the Court the justification for the Motion.

## II.    ARGUMENT

### A.    The Alexandria Division is Closest in Proximity to Plaintiffs' Location

The above-captioned Civil Action was filed in the U.S. District Court for the Eastern District of Virginia, in its Alexandria Division, on May 13, 2010.  Plaintiffs filed the Civil Action in the Alexandria Division because that Court is the closest in proximity to both the residence of Plaintiff H. Jay Spiegel and the location of his company Premium.  See Declaration of H. Jay Spiegel (hereinafter referred to as Spiegel Dec.) at 1, 2, 3 and 5.  Plaintiff Spiegel is the 100% owner of co-Plaintiff Premium as has been the case since Premium was incorporated. Spiegel Dec. at 3.

### B.    Plaintiffs' Reasons for Filing this Civil Action in Alexandria had Nothing to do with the Expressed Reasons the Eastern District Randomly Assigns Cases involving Patent Issues

Upon filing the Civil Action in the Alexandria Division, I was surprised to discover that the Clerk in Alexandria had transferred the case to the Norfolk Division.  Spiegel Dec. at 6. When I inquired, I was told that a policy had been instituted by the Eastern District in cases involving patent issues in which the cases are randomly distributed among the Divisions of the Eastern District.  When I asked the Clerk to provide me a copy of the Court Order that established this policy, I was informed that there is no such Order.  The Clerk informed me that the policy was instituted based upon a "directive" the Clerks had received from the Eastern District Judges.  Spiegel Dec. at 6.

The Clerk also informed me that the policy was instituted because numerous litigants believe they must file patent infringement law suits in Alexandria due to its proximity to the U.S. Patent and Trademark Office.  The Clerk also informed me that another reason the policy was

instituted is that litigants often engage in "forum shopping," choosing the Alexandria Division due to its long established reputation as the "rocket docket" where litigation can proceed quickly and efficiently.  Spiegel Dec. at 7.

My reasons for filing the Civil Action in the Alexandria Division had nothing to do with the justifications told to me by the Clerk as to why the policy was instituted.  As earlier stated, this Civil Action was filed in the Alexandria Division because that Court is the closest in proximity to my residence and the location of Premium.  Moreover, any and all documents pertaining to the Civil Action on behalf of Plaintiffs are located in Fairfax County.  I believe I am the sole witness who would testify on behalf of Plaintiffs, both in a deposition and at trial.  I reside in Fairfax County.  Moreover, there are no witnesses who will testify in this proceeding, whether by deposition or at trial, located in Norfolk or anywhere near Norfolk.  Spiegel Dec. at 8.

## C. Requiring Plaintiffs to Litigate in the Norfolk Division Works an Unnecessary Inconvenience and Financial Hardship on Plaintiffs

If the Civil Action is litigated in the Alexandria Division, I can represent Premium and myself without need to engage any Co-Counsel.  If I am required to litigate this matter in the Norfolk Division, each time a hearing is necessitated, I will either have to spend an entire day commuting to the Court or go to the considerable expense of retaining a local counsel to represent Plaintiffs' interests in Norfolk.

### III. CONCLUSION

For the reasons set forth above, on behalf of Plaintiffs, I respectfully request that the Court exercise its discretion and transfer this Civil Action to the Alexandria Division.

Respectfully submitted,

H. JAY SPIEGEL & ASSOCIATES


    /S/
H. JAY SPIEGEL
Attorney for Plaintiffs
Virginia Bar No. 20647
Bar of the Court No. 10419


H. JAY SPIEGEL & ASSOCIATES
P.O. Box 11
Mount Vernon, VA 22121
(703) 619-0101 - Phone
(703) 619-0110 - Facsimile
jayspiegel@aol.com - e-mail